# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN JACKSON, #33190-037 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. L-11-642 |
| | | Criminal No. L-97-0246 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

## MEMORANDUM

Pending is John Jackson's ("Jackson") Motion for Relief from Judgment under Fed. R. Civ. P. 60(b). The Court finds the pleading properly construed under 28 U.S.C. § 2255, and will dismiss the Motion without prejudice.

### I. BACKGROUND

After a jury trial, the Court sentenced Petitioner John Jackson to 188 months imprisonment for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base. The Fourth Circuit upheld Jackson's conviction on direct review, and on August 28, 2003, Jackson filed a motion to vacate, set aside or correct under 28 U.S.C. § 2255. This Court found all of Jackson's claims to be without merit and denied his petition on December 27, 2006. On January 24, 2008, Jackson noted an appeal to the Fourth Circuit and moved for this Court to issue a certificate of appealability.

While his appeal was pending, Jackson moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Fourth Circuit then dismissed Jackson's appeal because of his pending § 3582 motion. On June 18, 2009, this Court granted Jackson's § 3582 motion, lowered his sentence to 151 months, and denied his motion for a certificate of appealability. Jackson filed a second § 2255 motion to vacate on January 7, 2010. On March 25, 2010, this Court dismissed the § 2255 motion for lack of jurisdiction upon motion of the government.

### II. DISCUSSION

In the instant Motion, Jackson asserts that evidence presented to the grand jury was "fictitious" and deprived him of due process. He contends that this Court lacked subject matter

jurisdiction over his trial. The threshold question presented is whether Jackson's claims are properly raised under Rule 60(b)(6) or by way of a motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255. The subject matter of a motion, not the caption assigned to it by a self-represented petitioner, determines its status. See Calderon v. Thompson, 523 U.S. 538, 554 (1998).

Rule 60(b) of the Federal Rules of Civil Procedure is a civil remedy and does not provide a basis to attack a criminal judgment. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1988); see also United States v Hayes, 282 Fed. Appx. 281, 281, n.* (4th Cir. 2008) (noting that the Federal Rules of Civil Procedure are inapplicable to criminal proceedings). A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." See United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003).

Jackson's motion challenges his criminal conviction, and is properly considered under 28 U.S.C. § 2255. The instant Motion represents Jackson's third § 2255 petition. Consequently, Jackson must obtain authorization from the Fourth Circuit before this Court may consider his successive petition. See 28 U.S.C. §§2244(a) & 2255; In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Jackson may not file claims properly raised in a § 2255 petition under the guise of Rule 60(b) motion to evade statutory preauthorization requirements for successive petitions. In the absence of evidence that Jackson has obtained the necessary pre-filing certification, the Motion will be dismissed for lack of jurisdiction.

Further, even were the pleading construed under Rule 60(b)(6), Jackson's request for relief would be unavailing. Rule 60(b)(6) provides that a court may "relieve a party or a party's legal representative from a final judgment [or] order ... for ... any ... reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). Rule 60(b)(6) is an extraordinary remedy only granted in exceptional circumstances. See e.g. Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004); Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n. 2 (4th Cir. 2000). Jackson's allegations fail to suggest exceptional circumstances.

### III. CERTIFICATE OF APPEALABILITY

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of her motion. See 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36, (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484 (2000)). Denial of a certificate of appealability does not prevent a petitioner from seeking permission to file a successive petition, or pursuing claims after obtaining such permission. An Order consistent with this Memorandum follows.

### IV. CONCLUSION

The Court will, by separate Order of even date, DISMISS the Motion and DENY a certificate of appealability. The Clerk is DIRECTED to CLOSE this case.

March 21, 2011                                        /s/
                                                      _____
                                                      Benson Everett Legg
                                                      United States District Judge